IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GABE LOCKETT CULLER, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:11-CV-493 (CAR) |
| VS. | : | |
| | : | |
| CENTRAL STATE HOSPITAL, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Respondent Central State Hospital has filed a Motion to Dismiss the above-captioned 28 U.S.C. § 2254 petition alleging that Petitioner Gabe Lockett Culler has failed to exhaust his claims in state court. Doc. 15. Because Petitioner has failed to exhaust his claims in state court, it is **RECOMMENDED** that the instant petition be **DISMISSED**.

### BACKGROUND

On February 17, 1993, following a criminal trial for the offense of aggravated assault on a police officer, a jury found Petitioner Gabe Lockett Culler not guilty by reason of insanity pursuant to O.C.G.A. §§ 16-3-2, 16-3-3, and 17-7-131. Doc. 19 at 18, 21. Petitioner was then transported to Central State Hospital for a mental evaluation pursuant to O.C.G.A. 17-7-31(d). Id. at 18. Petitioner remained civilly committed in Central State Hospital until October 8, 1998, when he was conditionally released. Id. at 21. As a condition of his release order, Petitioner resided in an intensive training residence at River Edge Community Mental Health Center (River Edge) in Bibb County where he received outpatient treatment. Id.

On March 27, 2003, Petitioner was readmitted to Central State Hospital after violating the conditions of his release. Id. at 25. After Petitioner was stabilized, he was returned to River

Edge as part of his continued conditional release. Id. On October 7, 2009, Petitioner absconded from River Edge. Id.; Doc. 20. On June 25, 2011, Petitioner was arrested in Bibb County for theft by taking (felony) after police officers apprehended Petitioner in a motorized shopping cart that witnesses allegedly saw Petitioner take from a grocery store. Doc. 19 at 10. On July 27, 2011, Petitioner was returned to Central State Hospital. Id. at 25. On November 1, 2011, psychologist Dr. A. Alan Thomalla and the Forensic Internal Review Committee met with Petitioner's Recovery Planning Team and recommended that Petitioner's conditional release be revoked and that Petitioner remain at Central State Hospital. Id.

On December 15, 2011, Petitioner filed the instant Section 2254 habeas corpus petition. On March 29, 2012, Bibb County Superior Court Judge Tillman E. Self, III executed an Order of Continued Civil Commitment, finding that Petitioner continued to meet the criteria for involuntary inpatient commitment as set forth in O.C.G.A § 17-7-131. Id. at 27. As a result, Petitioner remains at Central State Hospital. Id.

## DISCUSSION

Petitioner's Section 2254 habeas corpus petition[1] challenges the circumstances surrounding his June 2011 arrest in Bibb County and his subsequent return to Central State Hospital. It has been well settled that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Ex Parte Royall, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§ 2254(b) and (c) and reflects a policy of comity between state and federal courts. It is "an accommodation of our federal system

---

[1] Although Petitioner filed his petition under 28 U.S.C. § 2254, Respondent has construed his petition as a being brought pursuant to 28 U.S.C. 2241. Doc. 15-1. Even if Petitioner's petition is construed under Section 2241, Petitioner must exhaust his claims in state court. See Dill v. Holt, 371 F.3d 1301, 1302 (11th Cir. 2004) (finding that a person in custody pursuant to a state court judgment must exhaust his state court remedies as to his claims regardless of whether the petition is brought under Section 2241 or 2254).

designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (quoting Fay v. Noia, 372 U.S. 391, 483 (1963)). "An exception is made *only if there is no opportunity to obtain redress in state court* or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (emphasis added).

Petitioner has failed to present any evidence that he has exhausted his claims in state court. Petitioner has the opportunity to litigate any claims surrounding his arrest in the criminal case itself.[2] Petitioner may also challenge the Superior Court's civil commitment order by filing a petition for a writ of habeas corpus under Georgia's habeas corpus statute. See O.C.G.A. 9-14-1. Petitioner has failed to show that he has exhausted these available state court remedies prior to filing his federal petition.

Because Petitioner has failed to exhaust his available state court remedies regarding his claims, it is hereby **RECOMMENDED** that the instant petition be **DISMISSED** without prejudice. Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

---

[2] As of the date of Respondent's response to the instant petition, Petitioner's criminal case was still pending in in Bibb County Superior Court. Doc. 15-1. Neither party has supplemented the record to indicate that the case has been concluded.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of November, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge
